# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-CV-81880-ROSENBERG

DAVID A. ROBINSON,

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 41]. The motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiff David Robinson filed this case under Title VII of the Civil Rights Act of 1964, alleging that he had been fired by his employer—Publix Super Markets, Inc. ("Defendant") —on the basis of his race. DE 23. Plaintiff also brought racial discrimination claims against Defendant under the Florida Civil Rights Act and 42 U.S.C. § 1981.

Plaintiff's racial discrimination claims necessarily require evidence of racial discrimination. In support of its Motion for Summary Judgment, Defendant has cited evidence to support the following factual contentions:

1. Defendant issued Plaintiff a corporate credit card. DE 36 at 1.

2. In connection with his receipt of a corporate credit card, Plaintiff was required to sign an agreement. *Id.* at 2.

3. In that agreement, Plaintiff acknowledged that improper use of the credit card would equate to stealing from Defendant. *Id.*

4. During the years of Plaintiff's employment, Plaintiff developed a history of making questionable charges to Defendant on his corporate credit card. *Id.*

5. Plaintiff had a history of being one of the top users of similar corporate credit cards. *Id.*

6. Plaintiff knew that although he could use his credit card for business lunches, the target dollar amount for such a lunch was $10.00.

A close review of Plaintiff's credit card expenditures in December of 2013 revealed the following:

> In December of 2013, Bakery Administrative Support Kristen Wakeley reviewed Plaintiff's credit card statements for October 26, 2013 through November 23, 2013. Wakeley noted that Plaintiff exceeded the $10.00 limit (per person) often, and that the times and locations of his meals seemed like dinner, which were not permitted unless Plaintiff was on overnight travel. Wakeley noted several other inconsistencies. On an October 31, 2013 receipt, Wakeley noted that Plaintiff listed four associates with him at lunch but only purchased two drinks. Wakeley also found that Plaintiff listed different stores on his calendar for that day to visit. On a November 19, 2013 receipt, Wakeley noted that Plaintiff ate "lunch" at 6:51 p.m. with a manager whose store was 20 miles away from the restaurant but only five minutes away from Plaintiff's home. On a November 21, 2013 receipt, Wakeley noted that Plaintiff listed three (3) guests but that the receipt listed two (2) guests and showed that he purchased only two (2) drinks. Again, Wakeley also found that Plaintiff had different stores listed to visit in his calendar. On a November 22, 2013 receipt, Wakeley noted that Plaintiff listed three (3) guests but only purchased one (1) drink and two (2) meals. On a November 23, 2013 receipt, Wakeley noted that Plaintiff listed three (3) guests but that the receipt listed two (2) guests and showed that Plaintiff only purchased two (2) drinks. Wakeley also noted Plaintiff's calendar stated that he was not working on November 23, 2013. Wakeley also noted that Plaintiff had "lunch" at 5:53 p.m. in the evening of that same day.

*Id.* at 3. (citations to the record omitted). The foregoing represents only a small fraction of the record evidence that Defendant has assembled for the proposition that Plaintiff was misusing his corporate credit card. All of Defendant's evidence is properly supported with citations to the record.

In response to Defendant's evidence, Plaintiff cites nothing at all. Although Plaintiff facially asserts that he "disputes" the foregoing, Plaintiff does not cite to any evidence. Plaintiff

2

was made aware of the need to cite evidence in three different ways. First, Federal Rule of Civil Procedure 56(c)(1) states that if a fact is disputed, the dispute must be supported by "citing to particular parts of materials in the record." Second, Local Rule 56.1 requires a statement submitted in opposition to a motion for summary judgment to "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Third and finally, the undersigned expressly informed Plaintiff (together with visual examples) of the requirement to cite evidence. In the Court's order setting trial at docket entry 8, the Court informed Plaintiff: "Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall references pages (and line numbers, if necessary) of exhibits." Local Rule 56.1 informs litigants of the consequence of failing to properly cite evidence in response to a supported statement of material facts.[1] Local Rule 56.1(b) reads:

> All material facts set forth in the movant's statement filed and supported as required above **will be** deemed admitted unless controverted by the opposing party's statement.

(emphasis added). Local Rule 56.1(b), the Court's order setting trial, and Federal Rule of Civil Procedure 56 compel this Court to deem all of Defendant's facts admitted by Plaintiff. As a result, Plaintiff has admitted that (i) he knowingly and improperly misused a corporate credit card, (ii) he admitted to Defendant that such actions amounted to theft, and (iii) he was fired not for any racially-based reason, but instead for misuse of a corporate credit card.

"An employer who fires an employee under the . . . honest impression that the employee violated a work rule is not liable for discriminatory conduct." *Damon v. Fleming Supermarkets of*

---

1 The Court, in its order setting trial, also informed Plaintiff that a failure to comply with the citation requirements in the order could result in sanctions.

*Florida*, 196 F.3d 1354, 1363 (11th Cir. 1999). An employer has the "right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules." *Nix v. WLCY Radio*, 738 F.2d 1181, 1187 (11th Cir. 1984). "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). Plaintiff has admitted he misused a corporate credit card and that the basis for his firing was that misuse. Notably, Plaintiff was put on notice of his deficient citations to record evidence at docket entry 42 on September 5, 2017. In response to that notice, Plaintiff did not move to amend or take any action whatsoever. For all of the foregoing reasons, Defendant is entitled to summary judgment, and it is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 35] is **GRANTED**, all pending motions are **DENIED AS MOOT**, and the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 1st day of November, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record